1  ALAN S. YEE (SBN 091444)
   SIEGEL & YEE
2  499 14th Street, Suite 220
   Oakland, CA  94612
3  Telephone: (510) 839-1200
   Facsimile:  (510) 444-6698
4
   Attorneys for Plaintiff
5  JONI BAKER, aka F. JOAN BAKER

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI BAKER, aka F. JOAN BAKER, | NO.  C 07-04998 BZ |
| Plaintiffs, | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION |
| vs. | |
| TARGET CORPORATION, *et al.*, | Hearing Date: December 5,  2007<br>Time:  10:00 a.m.<br>Courtroom:  G<br>Magistrate Judge:  Hon. Bernard Zimmerman |
| Defendants. | |

I. <u>INTRODUCTION</u>

    This case was removed to this court by notice on September 27, 2007.  Plaintiff now moves to remand this action to the Superior Court of the State of California based on the failure of defendants to comply with 28 U.S.C. §1446(b).

II. <u>ISSUE PRESENTED</u>

   Whether defendant's notice of removal was timely filed under 28 U.S.C. §1446(b).

III. <u>FACTUAL BACKGROUND</u>

    This case was originally commenced in the Superior Court of the State of California for the County of Alameda.  A copies of the Summons and Complaint were personally served on defendant on June 12, 2007.  Defendant answered the complaint on

1  July 12, 2007 and propounded written discovery.  On August 23, 2007, plaintiff provided
2  defendant with responses to interrogatories, including discovery responses regarding
3  damages claimed by plaintiff.  Defendants, however, did not file a notice of removal until
4  September 27, 2007, 35 days later.

5  IV.  LEGAL ARGUMENT

6  The right to remove exist only briefly and will be lost unless it is exercised
7  in an expeditious fashion. The removal statute provides two thirty-day windows during
8  which a case may be removed:  1.) during their first thirty days after the defendant
9  receives the initial pleading, or 2.) during the first thirty days after the defendant receives
10  a paper "from which it may first be ascertained that the case is one which is or has become
11  removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. §
12  1446(b).  When grounds for removal do not appear on the face of the initial pleading,
13  courts may look to "documents exchanged in the case by the parties to determine when
14  the defendant had notice of the grounds for removal.   Thus, when the grounds for
15  removal under diversity of citizenship is disclosed in plaintiff's answers to interrogatories,
16  the defendant has 30 days from the notice of removability in the answer to interrogatories.
17  *Lovern v. General Motors Corp.* (4th Cir. 1997) 121 F.3d 160, 161.   See also *Harris v.*
18  *Bankers Life and Casualty Company* (9th Cir. 2005) 425 F.3d 689.  The defendant, as the
19  removing party, bears the burden of establishing the right to removal.

20  On August 23, 2007, defendant was served with responses to interrogatories.  From
21  those interrogatory responses, defendant can ascertain that plaintiff was a citizen of
22  California.  (Decl. of A.Yee, Exhibit A, interrogatory no. 2.5, page 2, and Exhibit B,
23  response no. 2.5, page 2) Additionally, from those interrogatory responses defendant can
24  ascertain that plaintiff as a result of the accident in question, plaintiff had aggravated a
25  preexisting C-5-C6 herniated disc in her neck and had undergone surgery to her neck.
26  (Decl. of A. Yee, Exhibit A, interrogatory no. 6.2, page 3 and Exhibit B, response no. 6.2,
27  page 2)   Defendant can also ascertain that plaintiff continued to have neck pain and that
28  plaintiff's physician has recommended a second operation on her neck.  (Decl. of A.Yee,

**SIEGEL & YEE**
499 14th Street, Suite 220
Oakland, CA  94612
510-839-1200

-2-

PLAINTIFF'S MEMO. OF POINTS AND AUTH. IN SUPPORT OF MOTION TO REMAND ACTION

Exhibit A, interrogatory no. 6.3, page 4 and Exhibit B, response no. 6.3, page 3) Defendant can also ascertain that as a result of the accident, plaintiff's wage loss included two weeks off beginning April 21, 2005 and then part time until her surgery in July 2005 and that she did not work from the date of surgery in July 2005 until her return to work part time in June 2006, almost one year later.  (Decl. of A. Yee, Exhibit A, interrogatory no. 8.5 – 8.6, page 4 and Exhibit B, response no. 8.5.-8.6, page 4)   Defendant can ascertain that plaintiff received a salary of $1,446.92 per week (Decl. of A. Yee, Exhibit A, interrogatory no. 8.7, page 4 and Exhibit B, response no. 8.7, page 4), resulting in a wage loss which exceeded $75,000.00.

The removal statutes are to be strictly construed, and all doubts about federal jurisdiction must be resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109; *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485; *In re Business Men's Assur. Co.,* (8th Cir. 1993) 992 F.2d 181, 183. The notice of removal was not filed until September 27, 2007, 35 days later after service of the interrogatory responses from which defendant could ascertain that the case was removable.   Accordingly, defendant's notice of removal was untimely filed under 28 U.S.C. §1446(b) and the action must be remanded to state court.

IV.  CONCLUSION

For all of the above reasons, this action must be remanded to the Superior Court of the State of California for the County of Alameda.

Dated:  October 22, 2007          SIEGEL & YEE


By_____/S/_____
        ALAN S. YEE

Attorneys for Plaintiff
JONI BAKER, aka F. JOAN BAKER