1  ALAN S. YEE (SBN 091444)
   SIEGEL & YEE
2  499 14th Street, Suite 220
   Oakland, CA 94612
3  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
4
   Attorneys for Plaintiff
5  JONI BAKER, aka F. JOAN BAKER

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | JONI BAKER, aka F. JOAN BAKER,          NO.  C 07-04998 BZ

12 |            Plaintiffs,                   DECLARATION IN SUPPORT  OF
                                             MOTION TO REMAND ACTION
13 |     vs.
                                             Hearing Date:  December 5,  2007
14 | TARGET CORPORATION, *et al.*,           Time:  10:00 a.m.
                                             Courtroom:  G
15 |            Defendants.                   Magistrate Judge:  Hon. Bernard Zimmerman

16

17

18      ALAN S. YEE declares:

19      1. I am an attorney licensed to practice in the State of California and a partner of

20 Siegel and Yee, attorneys of record for plaintiff Joni Baker.  I make this declaration based

21 on my personal knowledge and could testify competently to the truth thereof if called as a

22 witness.

23      2.  Attached hereto as Exhibit A are true and correct copies of the Form

24 Interrogatories served by defendants in this case on

25      3.  Attached hereto as Exhibit B are true and correct copies of the Responses to

26 Interrogatories served on defendants on August 23, 2007.

27

28

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3

4    Dated:  October 22, 2007

                                                    /s/
5                                          ALAN S. YEE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF MOTION TO REMAND ACTION

EXHIBIT A

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Gail C. Trabish, Esq. (#103482)
BOORNAZIAN, JENSEN & GARTHE, A Prof. Corp.
555 12th Street, Ste. 1800
P.O. Box 12925
Oakland, CA  94604-2925
TELEPHONE NO.: (510) 834-4350
FAX NO. (Optional): (510) 839-1897
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Def. TARGET STORES, a div. of Target Corp.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

Unlimited Jurisdiction

SHORT TITLE OF CASE: Joni Baker v. Target Corporation, et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Def. TARGET STORES<br><br>Answering Party: Pltf. JONI BAKER<br>Set No.: ONE (1) | HG 07319664 |

## Sec. 1.  Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2.  Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3.  Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
(DATE)                                            (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2007]
FORM INTERROGATORIES—GENERAL
Legal Solutions Plus
Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

(2) INCIDENT means (insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0  Identity of Persons Answering These Interrogatories
2.0  General Background Information—Individual
3.0  General Background Information—Business Entity
4.0  Insurance
5.0  [Reserved]
6.0  Physical, Mental, or Emotional Injuries
7.0  Property Damage
8.0  Loss of Income or Earning Capacity
9.0  Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  [Reserved]
19.0  [Reserved]
20.0  How the Incident Occurred—Motor Vehicle
25.0  [Reserved]
30.0  [Reserved]
40.0  [Reserved]
50.0  Contract
60.0  [Reserved]
70.0  Unlawful Detainer [See separate form FI-128]
101.0  Economic Litigation [See separate form FI-129]
200.0  Employment Law [See separate form FI-130]
        Family Law [See separate form 1292.10]

**1.0  Identity of Persons Answering These Interrogatories**

[X] 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0  General Background Information—Individual**

[X] 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

[X] 2.2 State the date and place of your birth.

[X] 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.5 State:
(a) your present residence **ADDRESS**;
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS**.

[X] 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

[X] 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

[X] 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

[X] 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

[X] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

[X] 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
  (a)  the name, ADDRESS, and telephone number of that PERSON; and
  (b)  a description of your duties.

[X] 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
  (a)  the name, ADDRESS, and telephone number;
  (b)  the nature of the disability or condition; and
  (c)  the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

[X] 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
  (a)  the name, ADDRESS, and telephone number;
  (b)  the nature or description of each substance;
  (c)  the quantity of each substance used or taken;
  (d)  the date and time of day when each substance was used or taken;
  (e)  the ADDRESS where each substance was used or taken;
  (f)  the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
  (g)  the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

3.0  General Background Information — Business Entity

[ ] 3.1 Are you a corporation? If so, state:
  (a)  the name stated in the current articles of incorporation;
  (b)  all other names used by the corporation during the past 10 years and the dates each was used;
  (c)  the date and place of incorporation;
  (d)  the ADDRESS of the principal place of business; and
  (e)  whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:
  (a)  the current partnership name;
  (b)  all other names used by the partnership during the past 10 years and the dates each was used;
  (c)  whether you are a limited partnership and, if so, under the laws of what jurisdiction;
  (d)  the name and ADDRESS of each general partner; and
  (e)  the ADDRESS of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:
  (a)  the name stated in the current articles of organization;
  (b)  all other names used by the company during the past 10 years and the date each was used;
  (c)  the date and place of filing of the articles of organization;
  (d)  the ADDRESS of the principal place of business; and
  (e)  whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:
  (a)  the current joint venture name;
  (b)  all other names used by the joint venture during the past 10 years and the dates each was used;
  (c)  the name and ADDRESS of each joint venturer; and
  (d)  the ADDRESS of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:
  (a)  the current unincorporated association name;
  (b)  all other names used by the unincorporated association during the past 10 years and the dates each was used; and
  (c)  the ADDRESS of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
  (a)  the name;
  (b)  the dates each was used;
  (c)  the state and county of each fictitious name filing; and
  (d)  the ADDRESS of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
  (a)  identify the license or registration;
  (b)  state the name of the public entity; and
  (c)  state the dates of issuance and expiration.

4.0  Insurance

[X] 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
  (a)  the kind of coverage;
  (b)  the name and ADDRESS of the insurance company;
  (c)  the name, ADDRESS, and telephone number of each named insured;
  (d)  the policy number;
  (e)  the limits of coverage for each type of coverage contained in the policy;
  (f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
  (g)  the name, ADDRESS, and telephone number of the custodian of the policy.

[ ] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

5.0  [Reserved]

6.0  Physical, Mental, or Emotional Injuries

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

[X] 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

[X] **6.3** Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
  (a) a description;
  (b) whether the complaint is subsiding, remaining the same, or becoming worse; and
  (c) the frequency and duration.

[X] **6.4** Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
  (a) the name, ADDRESS, and telephone number;
  (b) the type of consultation, examination, or treatment provided;
  (c) the dates you received consultation, examination, or treatment; and
  (d) the charges to date.

[X] **6.5** Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
  (a) the name;
  (b) the PERSON who prescribed or furnished it;
  (c) the date it was prescribed or furnished;
  (d) the dates you began and stopped taking it; and
  (e) the cost to date.

[X] **6.6** Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
  (a) the nature;
  (b) the date;
  (c) the cost; and
  (d) the name, ADDRESS, and telephone number of each provider.

[X] **6.7** Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
  (a) the name and ADDRESS of each HEALTH CARE PROVIDER;
  (b) the complaints for which the treatment was advised; and
  (c) the nature, duration, and estimated cost of the treatment.

**7.0   Property Damage**

[X] **7.1** Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:
  (a) describe the property;
  (b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
  (d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

[ ] **7.2** Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
  (a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
  (b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
  (c) the amount of damage stated.

[ ] **7.3** Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
  (a) the date repaired;
  (b) a description of the repair;
  (c) the repair cost;
  (d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
  (e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

**8.0   Loss of Income or Earning Capacity**

[X] **8.1** Do you attribute any loss of income or earning capacity to the INCIDENT? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] **8.2** State:
  (a) the nature of your work;
  (b) your job title at the time of the INCIDENT; and
  (c) the date your employment began.

[X] **8.3** State the last date before the INCIDENT that you worked for compensation.

[X] **8.4** State your monthly income at the time of the INCIDENT and how the amount was calculated.

[X] **8.5** State the date you returned to work at each place of employment following the INCIDENT.

[X] **8.6** State the dates you did not work and for which you lost income as a result of the INCIDENT.

[X] **8.7** State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

[X] **8.8** Will you lose income in the future as a result of the INCIDENT? If so, state:
  (a) the facts upon which you base this contention;
  (b) an estimate of the amount;
  (c) an estimate of how long you will be unable to work; and
  (d) how the claim for future income is calculated.

## 9.0 Other Damages

[X] 9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

[X] 9.2    Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0 Medical History

[X] 10.1    At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

[X] 10.2    List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[X] 10.3    At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

[X] 11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

[X] 11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

[X] 12.1    State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X] 12.2    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

[X] 12.3    Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

[X] **12.4** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

  (a) the number of photographs or feet of film or videotape;

  (b) the places, objects, or persons photographed, filmed, or videotaped;

  (c) the date the photographs, films, or videotapes were taken;

  (d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and

  (e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] **12.5** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:

  (a) the type (i.e., diagram, reproduction, or model);

  (b) the subject matter; and

  (c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

[X] **12.6** Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

  (a) the name, title, identification number, and employer of the **PERSON** who made the report;

  (b) the date and type of report made;

  (c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

  (d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[X] **12.7** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

  (a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

  (b) the date of the inspection.

**13.0 Investigation—Surveillance**

[X] **13.1** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

  (a) the name, **ADDRESS**, and telephone number of the individual or party;

  (b) the time, date, and place of the surveillance;

  (c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and

  (d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] **13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

  (a) the title;

  (b) the date;

  (c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and

  (d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[X] **14.1** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] **14.2** Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

  (a) the name, **ADDRESS**, and telephone number of the **PERSON**;

  (b) the statute, ordinance, or regulation allegedly violated;

  (c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

  (d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

  (a) state all facts upon which you base the denial or special or affirmative defense;

  (b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

  (c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

[ ] **16.1** Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

  (a) state the name, **ADDRESS**, and telephone number of the **PERSON**;

  (b) state all facts upon which you base your contention;

  (c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

  (d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2** Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

  (a) state all facts upon which you base your contention;

  (b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

  (c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings in this case were not caused by the INCIDENT? If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4 Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5 Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

17.0 Responses to Request for Admissions

17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

18.0 *[Reserved]*

19.0 *[Reserved]*

20.0 How the Incident Occurred—Motor Vehicle

20.1 State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2 For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3  State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

☐ 20.4  Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5  State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐ 20.6  Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7  Was there a traffic signal facing you at the time of the INCIDENT? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8  State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the INCIDENT;

(b) at the time of the INCIDENT; and

(c) just after the INCIDENT.

☐ 20.9  Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10  Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11  State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

25.0  *[Reserved]*

30.0  *[Reserved]*

40.0  *[Reserved]*

50.0  Contract

☐ 50.1  For each agreement alleged in the pleadings:

(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;

(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;

(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;

(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☐ 50.2  Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3  Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4  Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5  Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6  Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

60.0  *[Reserved]*

1  DATED: July 2, 2007

2                                    BOORNAZIAN, JENSEN & GARTHE
                                     A Professional Corporation

3

4                                    By: _____
                                          GAIL C. TRABISH, ESQ.

5                                         Attorneys for Defendant
                                       TARGET STORES, a division
6                                          of Target Corporation

   GCT01\409362
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORM INTERROGATORIES, SET ONE – Case No.: HG 07319664

1
2

### PROOF OF SERVICE BY MAIL
### (C.C.P.  SECTIONS 1013(a) -2015.5)

3      I am employed in the County of Alameda, State of California.  I am over the age of

4  18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800,

5  P. O. Box 12925, Oakland, California 94604-2925.

6      I am readily familiar with the business practice for collection and processing of

7  correspondence for mailing with the United States Postal Service.  On the date indicated below, at

8  the above-referenced business location, I sealed envelopes, enclosing a copy of FORM

9  INTERROGATORIES, SET ONE, addressed as shown below, and placed them for collection

10  and mailing following ordinary business practices to be deposited with the United States Postal

11  Service on the date indicated below:

12

13  Alan S. Yee, Esq.                                   **Attorney for Plaintiff**
    Siegel & Yee
    499 14th Street, Ste. 220
14  Oakland, CA  94612
    (510) 839-1200  Phone
15  (510) 444-6698  Fax

16

17

18      I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct.

20      Executed at Oakland, California, on July 12, 2007.

21

22                                      _____

23  GCT01\409362                        Alexine L. Braun

24

25

26

27

28

FORM INTERROGATORIES, SET ONE – Case No.: HG 07319664

EXHIBIT B

ALAN S. YEE (SBN 091444)
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
JONI BAKER, aka. F. JOAN BAKER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| JONI BAKER, aka. JOAN BAKER,<br><br>            Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, *et al.*,<br><br>            Defendants. | CASE NO. HG07-319664<br><br>RESPONSE TO FORM AND SPECIAL INTERROGATORIES |

PROPOUNDING PARTY: Defendant TARGET CORPORATION

RESPONDING PARTY: Plaintiff JONI BAKER, aka. F. JOAN BAKER

SET NO.: ONE

Plaintiff makes the following objections and responses to the interrogatories propounded by Defendant. The following responses are based on all information in Plaintiff's possession at the time of these requests. Plaintiff's discovery and investigation is continuing and she reserves the right to supplement these responses at such time as additional information becomes available.

Without waiving these objections, Plaintiff will respond as follows:

1.1 My attorney.

2.1  Birth name: Florella Joan MacMillan; Joan MacMillan or Joni MacMillan (1-28-63 to 12-83); Joan Rossbottom or Joni Rossbottom (12-83 to 6-85); Joan Cuming or Joni Cuming (6-85 to 3-89); Joan Baker or Joni Baker (3-89 to 5-05); Joan Anders or Joni Anders (5-05 to present)

2.2  Smiths Fall, Ontario, Canada, 1-28-63.

2.3  California driver's license D5431182; no restrictions.

2.4  No.

2.5  670 Crosby Place, San Leandro, CA  94579  (Sept. 2004 to present); 101 Continentals Way, Belmont, CA  94002  (Aug. 2003 to Sept. 2004); 9 Cawker Court, Whitby, Ontario, Canada  (Dec. 2000 to August 2003).

2.6  Gap Inc., 850 Cherry Ave., San Bruno, CA  94066; Systems Analyst 2000-2006 – IT, New and Remodel POS Technology Installations Management; Business Analyst 2006-2007 – IT, Labs and Financial Support.

2.7  Athens District High School, Mill St., Athens, Ontario, Canada,  1979-1981, Secondary School Honor Graduate Diploma; St. Lawrence College, Park St., Brockville, Ontario, Canada, 1981-1982.

2.8  No.

2.9  Yes.

2.10  Yes.

2.11  No.

2.12  No.

2.13 No.

4.1  Kaiser Permanente Health Plan.

6.1  Yes.

6.2  Plaintiff aggravated a preexisting C5-C6 herniated disc in her neck.  She suffered injury to her neck, back and shoulders.  She has also been diagnosed with fibromyalgia and chronic pain syndrome.   She has undergone surgery to her neck and continues to have neck pain.  See medical records.

SIEGEL & YEE
99 14ᵗʰ Street, Suite 220
Oakland, CA  94612
510-839-1200

-2-

1    6.3  Plaintiff continues to have neck pain.  Plaintiff's physician has recommended a

2    second operation on her neck.

3    6.4  Yes.

4

5    Dr. William Firtch, Physical Medicine
     Kaiser Permanente Medical Center
     1400 Veterans Blvd.
6    Redwood City, CA
     650-299-2015

7

8    Dr. David Kwong, Physical Therapist
     Kaiser Permanente Medical Center
     1400 Veterans Blvd.
9    Redwood City, CA
     650-299-2015

10

11   Patricia Myers, NP
     Kaiser Permanente Medical Center
     1150 Veterans Blvd.
12   Redwood City, CA
     650-299-2015

13

14   Dr. Richard Derby
     Spinal Diagnostics and Treatment Center
     901 Campus Drive, Suite 310
15   Daly City, CA  94014
     650-755-0733

16

17   Dr. Josef Gorek, Spine Surgeon
     Oakland Kaiser Hospital
     280 West MacArthur Blvd.
18   Oakland, CA
     520-752-7780

19

20   Dr. Paul Wilson, Physiatrist
     Kaiser Permanente Medical Center
     1400 Veterans Blvd.
21   Redwood City, CA
     650-299-2015

22

23   Dr. Allen Wolfe,  Depression Clinic
     Kaiser Permanente Medical Center
     1400 Veterans Blvd.
24   Redwood City, CA
     650-299-2015

25

26   Dr. Lem, Accupuncturist
     417 North Poplar Rd.,
27   San Mateo, CA  94401
     650-579-5560

28   Chronic Pain Program

SIEGEL & YEE
99 14th Street, Suite 220
Oakland, CA  94612
510-839-1200

-3-

Kaiser Permanente Medical Center
1400 Veterans Blvd.
Redwood City, CA
650-299-2015

Dr. D. Behravan, Pain Specialist
13690 East 14th Street
San Leandro, CA
510-614-9200

Dr. K. Booth, Spine Surgeon
5725 West Las Positas, Suite 200
Pleasanton, CA  94588
925-469-6274

6.5  Yes.

6.6  No.

6.7  Yes.  Plaintiff is still receiving medical treatment.

7.1  No.

8.1  Yes.

8.2   See 2.6 above.

8.3.  4/20/05.

8.5  June 4, 2006 (modified hours for 8 weeks, 4 hours per day for 4 weeks, 6 hours

per day for 4 weeks)

8.6  Two weeks off beginning April 21, 2005 due to the accident and then part time

until surgery in July 2005.  Plaintiff did not work from the date of surgery until her

part time return in June 2006.

8.7  $1446.92/ week x ___ weeks.

8.8  Unknown at this time.

9.1  No.

9.2  No.

10.1  Yes.  Plaintiff had a herniated disc due to an incident in December 2004.  The

pain from this injury had subsided after an epidural procedure by Dr. Derby in

March of 2005.  Plaintiff was due for a follow up appointment on the day after the

incident.

SIEGEL & YEE
99 14th Street, Suite 220
Oakland, CA  94612
510-839-1200

RESPONSE TO FORM INTERROGATORIES

1    10.2 None.

2    10.3 No.

3    11.1 No.

4    11.2 No.

5    12.1   The incident was witnessed by plaintiff and her husband. There was a sales

6    associate who also witnessed the fall but she did not leave her name.  A paramedic,

7    believe to be named Jennifer, who came to the accident scene also slipped in the

8    water.

9    12.2  Plaintiff's husband spoke to a man, believed to be named Dwayne, who said

10    he was the store manager, on the evening of the incident.  The manager filled out

11    the Target incident report.

12    12.3  No.

13    12.4  No.

14    12.5  No.

15    12.6  Yes.  The incident was reported to Target immediately following the incident.

16    12.7  No.

17    13.1  No.

18    13.2  No.

19    14.1  Unknown at this time.

20    14.2  No.

21

22    Dated: August 23 , 2007        SIEGEL & YEE

23

24                     By _____
                         ALAN S. YEE

25

26                     Attorneys for Plaintiff
                     JONI BAKER, aka F. JOAN BAKER

27

28

## VERIFICATION

I, JONI BAKER, aka. JOAN BAKER, declare:

I am a Plaintiff in this action.

I have read the foregoing Response to Interrogatories and know the contents thereof.

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Oakland, on August ___, 2007.


_____/signed Verification to follow_____

SIEGEL & YEE
99 14ᵗʰ Street, Suite 220
Oakland, CA 94612
510-839-1700

RESPONSE TO FORM INTERROGATORIES

PROOF OF SERVICE

1

2          I am a citizen of the United States and a resident of the County of Alameda.

3  I am over the age of eighteen years and not a party to the within entitled action; my

4  business address is 499 14th Street, Suite 220, Oakland, California 94612.

5          On August 23, 2007, I served following

6  RESPONSE TO FORM INTERROGATORIES

7  on the Parties in said action, by placing a true copy thereof enclosed in a sealed envelope

8  with postage thereof fully prepaid, in the United States post office mail at Oakland,

9  California, addressed as follows:

10  Gail C. Trabish
    Boornazian, Jensen & Garthe
11  555 12th Street, Suite 1800
    Oakland, CA 94607
12

13

14          I declare under penalty of perjury that the foregoing is true and correct.

15  Executed on August 23, 2007, at Oakland, California.

16

17

18

19

20

21

22

23

24

25

26

27

28