GAIL C. TRABISH, ESQ. (#103482)
HEATHER A. GLADSTONE, ESQ. (#238517)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI BAKER, a.k.a F. JOAN BAKER, | Case No.: C-07-04998 BZ |
| Plaintiff, | **OPPOSITION OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S MOTION TO REMAND REMOVED ACTION; DECLARATION OF GAIL C. TRABISH, ESQ. IN SUPPORT; [PROPOSED] ORDER** |
| vs. | |
| TARGET CORPORATION, and DOES 1-10, inclusive. | |
| Defendants. | Date: December 5, 2007<br>Time: 10:00 a.m.<br>Dept: G<br>Judge: Hon. Bernard Zimmerman |
| | Complaint Filed: April 9, 2007 |

Defendant TARGET STORES, a division of TARGET CORPORATION (hereinafter "TARGET") hereby submits this opposition to plaintiff's motion to remand as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

On April 9, 2007, plaintiff filed this action in the Alameda County Superior Court against defendant TARGET for premises liability arising out of a slip and fall which occurred at a Target store in San Leandro, California, on April 20, 2005. (Declaration of Gail C. Trabish, Esq., hereinafter "Trabish Decl.", ¶3).

In an effort to obtain information necessary to evaluate plaintiff's liability contentions and damage claims, defendant TARGET served plaintiff with written discovery and a Request for

-1-

Opposition to Plaintiff's Motion to Remand to State Court; Case No.: C-07-04998 BZ

Statement of Damages. On July 12, 2007, TARGET propounded to plaintiff Form Interrogatories, Request for Production of Documents, Sets One and a Request for Statement of Damages. Defendant also issued a subpoena for records to Gap, Inc, plaintiff's employer, in an effort to calculate plaintiff's lost wage claim based on her employment records. (Trabish Decl., ¶4).

Pursuant to the California Code of Civil Procedure, responses to discovery were due on August 16, 2007. The response to the Request for Statement of Damages was due on August 1, 2007 pursuant to California Code of Civil Procedure Section 425.11. (Trabish Decl., ¶5).

On August 23, 2007, plaintiff served responses to defendant's initial discovery requests *by mail*. The responses were incomplete in several regards. Specifically, plaintiff did not answer Form Interrogatory No. 8.4 regarding her monthly income and provided an incomplete response to Form Interrogatory No. 8.7 concerning the total amount of lost wages and a determination as to how it was calculated. Plaintiff also failed to verify the responses. (Trabish Decl., ¶6).

On September 6, 2007, defendant received a certificate of no records from the custodian of records for Gap, Inc., plaintiff's employer, thereby rendering defendant incapable of independently determining plaintiff's wage and income information. (Trabish Decl., ¶7, **Exhibit A**).

Due to plaintiff's failure to provide complete responses at the outset and the certificate of no records from plaintiff's employer, defendant TARGET was unable to accurately discern the true verified amount of plaintiff's damage claims related to income loss. With respect to medical expenses incurred as a result of the incident, the only information in defendant's possession at that time was HealthCare Consolidated Billing from Kaiser, reflecting charges of $8,284.50, of which $5,259.92 has been paid. Counsel for TARGET, Gail C. Trabish, Esq., did not believe those expenses alone would constitute a basis for Removal to Federal Court. (Trabish Decl., ¶8, **Exhibit B**).

As a result of the incomplete information in defendant's possession concerning plaintiff's full damage claims, on September 27, 2007, Ms. Trabish sent plaintiff's counsel, Alan S. Yee, Esq., meet and confer correspondence requesting that he provide full and complete responses to TARGET'S Form Interrogatories and Request for Production of Documents, Sets One. Ms. Trabish also emphasized that neither the responses to form interrogatories nor the responses to

request for production of documents were verified. (Trabish Decl., ¶9, **Exhibit C**).

On that same day, September 27, 2007, Ms. Trabish also deposed plaintiff's husband, Daryl Anders. The deposition of plaintiff's husband was initially noticed for September 12, 2007. At the request of plaintiff's attorney, due to a conflict in his calendar, the deposition date was changed to September 27, 2007. Mr. Anders testified upon questioning that plaintiff lost time lost from work prior to and following her surgery, and further testified that she earned approximately $70,000 per year. (Trabish Decl., ¶10).

As a result of Mr. Anders sworn testimony on September 27, 2007, Ms. Trabish filed a petition for removal of this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1443(b). (Trabish Decl., ¶11).

It was not until October 5, 2007, a week after defendant had filed its Petition for Removal, that plaintiff responded to defendant's meet and confer correspondence with the further requested information, including verifications of the original discovery responses. Again, however, plaintiff failed to provide a response to Form Interrogatory No. 8.4 concerning her monthly income at that time of the incident and how that amount was calculated. (Trabish Decl., ¶12, **Exhibit D**). To date, plaintiff has not provided the requested response to Form Interrogatory 8.4, except by reference. Similarly, plaintiff has never responded to the Request for Statement of Damages. (Trabish Decl., ¶13). TARGET has since followed up with Mr. Yee as to both matters. (Trabish Decl., ¶14, **Exhibit E**).

## ARGUMENT

A. **Defendant's Petition Was Timely Filed As Plaintiff Provided Incomplete Responses to Interrogatories Concerning Wage Loss**

Plaintiff's initial responses to discovery served by mail on September 23, 2007 were incomplete and not sufficient to provide a showing of removability. Specifically, Form Interrogatory No. 8.4 required plaintiff to state her monthly income and how that amount is calculated. (See Plaintiff's Motion to Remand, Exhibit A to Declaration of Alan Yee, page 4). Plaintiff did not provide any response. (See Plaintiff's Motion to Remand, Exhibit B to Declaration of Alan Yee, page 4). In addition, Form Interrogatory No. 8.7 asked plaintiff to state

-3-

her total amount of lost wages and a determination as to how it was calculated. (See Plaintiff's Motion to Remand, Exhibit A to Declaration of Alan Yee, page 4). Plaintiff failed to do so, instead answering: $1446.92/week x _____ [sic.] weeks." (See Plaintiff's Motion to Remand, Exhibit B to Declaration of Alan Yee, page 4).

Due to plaintiff's failure to provide complete responses at the outset and the certificate of no records from plaintiff's employer, defendant TARGET was unable to accurately discern the true verified amount of plaintiff's damage claims related to income loss. With respect to medical expenses incurred as a result of the incident, the only information in defendant's possession at that time was HealthCare Consolidated Billing from Kaiser, reflecting charges of $8,284.50, of which $5,259.92 has been paid. Those expenses are insufficient alone to constitute a basis for Removal to Federal Court. (Trabish Decl., ¶8, **Exhibit B**). As a result of the incomplete information in defendant's possession concerning plaintiff's full damage claims, Ms. Trabish sent Mr. Yee meet and confer correspondence requesting that he provide full and complete responses to TARGET'S Form Interrogatories and Request for Production of Documents, Sets One. (Trabish Decl., ¶9, **Exhibit C**).

Prior to receiving any further verified responses concerning plaintiff's income, the deposition of plaintiff's husband, Daryl Anders, took place on September 27, 2007. Mr. Anders testified under oath that plaintiff's yearly income was approximately $70,000. It was not until that time that defendant TARGET had actual notice of plaintiff's total claim for lost income resulting from the incident in the form of sworn testimony. (Trabish Decl., ¶10). Once on notice, defendant timely filed its Petition for Removal that same day pursuant to U.S.C. §1443(b). (Trabish Decl., ¶11).

Plaintiff ultimately provided the further requested information, including verifications of the original discovery responses, on October 5, 2007, a week after defendant filed its Petition for Removal based on the sworn testimony of Mr. Anders. Again, however, plaintiff failed to provide a response to Form Interrogatory No. 8.4 concerning the total income she has lost to date and how that amount was calculated. (Trabish Decl., ¶12, **Exhibit D**). To date, plaintiff has not provided the requested response to Form Interrogatory 8.4, except by reference in her moving papers in

-4-

support of this motion. Similarly, plaintiff has never provided a response to defendant's Request For Statement of Damages. (Trabish Decl., ¶13).

Because defendant did not possess full and complete information concerning plaintiff's lost income at the time the initial responses were provided, defendant did not have actual notice of the removability of this case until Mr. Anders deposition on September 27, 2007. Defendant had 30 days from September 27, 2007, or until October 26, 2007, to file its Petition. Accordingly, defendant has complied with U.S.C. §1443(b) by timely filing its Petition and respectfully requests that the Court deny plaintiff's motion to remand.

**B.  Defendant's Petition Was Timely Filed As Plaintiff's Initial, Incomplete Responses Were Not Verified Prior to Defendant's Filing Its Petition for Removal**

In addition to the above, plaintiff's responses to defendant's initial discovery requests, which plaintiff claims should have put defendant on notice of the potential for removal, **were unverified as of the date defendant filed its Petition for Removal**. Both the California Code of Civil Procedure and the Federal Rules of Civil Procedure require that answers to interrogatories be answered "under oath" and signed by the answering party. CCP §2030.250(a); FRCP 33(b)(1),(2). Furthermore, both federal and state case law recognize that unverified responses are "tantamount to no responses at all." *Appleton v. Sup.Ct. (Cook)* (1988) 206 Cal.App.3d 632, 636; see also *Cabales v. U.S.* (1970) 51 F.R.D. 498 (where the basic requirements of FRCP 33 are not met, the interrogatories do not qualify as an answer).

Accordingly, per the mandates of the California Code of Civil Procedure and Federal Rules of Civil Procedure, plaintiff did not "answer" defendant's discovery requests until defendant received the verifications with Mr. Yee's October 5, 2007 letter. The fact remains that defendant's true "notice" of removability in this case occurred when defendant deposed plaintiff's husband, Daryl Anders. Immediately upon obtaining Mr. Anders' sworn testimony that plaintiff's lost income claim exceeded $75,000.00 thereby causing the case to become removable to federal court, defendant timely filed its Petition for Removal. Accordingly, plaintiff's motion to remand must be denied.

///

C. **Defendant's Petition for Removal Was Timely Filed Because the California Code of Civil Procedure Governs TARGET'S First Set Of Discovery Requests and TARGET Did Not Receive Notice of Plaintiff's Discovery Responses Until Five Calendar Days After the Date Such Responses Were Served By Mail**

Assuming, *arguendo*, that plaintiff's responses were sufficiently complete and the verifications are deemed retroactively effective to the date they were served, defendant has nonetheless complied with U.S.C. §1443(b) in timely filing its Petition for Removal because it is not deemed to have received plaintiff's initial discovery responses until September 28, 2007. Once a petition for removal has been filed, the removed case is then subject to the Federal Rules of Civil Procedure. FRCP 81(c). Prior to notice of removal, however, the California Code of Civil Procedure applies to the state case proceedings, including discovery. Defendant TARGET did not file its Petition for Removal until September 27, 2007, after TARGET had served its discovery requests and after receiving initial, albeit incomplete, responses to said requests from the plaintiff. Consequently, the California rules of discovery procedure are applicable to defendant's initial discovery requests, including timing and sufficiency of the responses.

In that regard, California Code of Civil Procedure §1013 provides, in pertinent part:

> In case of service by mail…[t]he service is complete at the time of the deposit, **but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document**, which time period or date is prescribed by statute or rule of court, **shall be extended five calendar days, upon service by mail**, if the place of address and the place of mailing is within the State of California

CCP§1013(a) [emphasis added].

Plaintiff's assertion in her moving papers that defendant is deemed to have received her discovery responses on the same day the responses were put in the mail, or August 23, 2007, is belied by CCP §1013, cited above. Instead, per the CCP, defendant is deemed to have received notice of the responses **five calendar days after service, or August 28, 2007**. On this ground alone, defendant's petition for removal was timely filed. TARGET filed its petition on September 27, 2007, exactly 30 days from receipt of notice of plaintiff's responses per CCP §1013.

///

///

## CONCLUSION

As set forth above, defendant TARGET did not receive actual notice of the removability of the instant case until the deposition of plaintiff's husband, Daryl Anders, on September 27, 2007. That same day, defendant timely filed a Petition for Removal per U.S.C. §1443(b). Alternatively, if TARGET is charged with notice upon receipt of plaintiff's initial discovery responses, defendant nonetheless timely filed its Petition based on the date it is deemed to have received notice pursuant to CCP§ 1013. Accordingly, defendant TARGET respectfully requests that this Court deny plaintiff's motion for remand.

DATED: November 7, 2007

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: *[signature]*
GAIL C. TRABISH, ESQ.
HEATHER A. GLADSTONE, ESQ.
Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

25014/417145