ALAN S. YEE (SBN 091444)
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
JONI BAKER, aka F. JOAN BAKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI BAKER, aka F. JOAN BAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION, *et al.*,<br><br>Defendants. | NO. C 07-04998 BZ<br><br>PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION<br><br>Hearing Date: December 5, 2007<br>Time: 10:00 a.m.<br>Courtroom: G<br>Magistrate Judge: Hon. Bernard Zimmerman |

I.  <u>Defendant's Allegation that Plaintiff's Interrogatory Reponses were Deficient Does Not Negate the Fact That Defendant Was Able To Ascertain on August 23, 2007 that this Case Was Removable.</u>

Though Defendant alleges that plaintiff's responses to discovery were incomplete, defendant cannot dispute that sufficient information was provided to defendant in plaintiff's responses to interrogatories "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendant does not deny that from those interrogatory responses, defendant can ascertain that plaintiff had aggravated a preexisting C-5-C6 herniated disc in her neck and had undergone surgery to her neck. (Decl. of A. Yee, Exhibit A, interrogatory no. 6.2, page 3 and Exhibit B,

response no. 6.2, page 2)  Defendant was also able to ascertain that plaintiff continued to have neck pain and that plaintiff's physician has recommended a second operation on her neck.  (Decl. of A.Yee, Exhibit A, interrogatory no. 6.3, page 4 and Exhibit B, response no. 6.3, page 3)  Defendant was also able to ascertain that plaintiff's wage loss included two weeks off beginning April 21, 2005 and then part time until her surgery in July 2005 and that she did not work from the date of surgery in July 2005 until her return to work part time in June 2006, almost one year later.  (Decl. of A. Yee, Exhibit A, interrogatory no. 8.5 – 8.6, page 4 and Exhibit B, response no. 8.5.-8.6, page 4)  Defendant was also able to ascertain that plaintiff claimed her wage loss was based on an income loss of $1,446.92 per week. (Decl. of A. Yee, Exhibit A, interrogatory no. 8.7, page 4 and Exhibit B, response no. 8.7, page 4).  This resulted in a wage loss which exceeded $75,000.00.  The fact that there were deficiencies in responses to other interrogatory questions, such as how plaintiff's monthly income is calculated, or that there was incomplete information concerning the plaintiff's full damage claim such as all medical expense resulting from the incident, did not prevent defendant from ascertaining that the case was removable.

Similarly, the fact the verification to the interrogatories were provided later did not prevent defendant from ascertaining from the document that the amount in controversy exceeded $75,000.00.  Under the plain language of 28 U.S.C. §1446(b), *any paper* that is served or otherwise which comes to the defendant's attention, and shows the matter may be removable, begins the running of the thirty days.  *Addo v. Globe Life & Accident Ins. Co.* (5th Cir. 2000) 230 F.3d 759, 761-62.   28 U.S.C. §1446(b) is not limited to papers filed in the litigation.  The reference to "other paper" in the statute includes pre-removal correspondence between the parties, including settlement offers.  A post-complaint letter constitutes "other papers" within the meaning of the removal statute and is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit.  *Id.* at 762.  Thus, even a settlement letter is sufficient to provide notice that the amount in

controversy exceeded the jurisdictional amount.  See *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837.840.

Here, plaintiff's interrogatory responses, whether or not deficient procedurally or somehow incomplete, did not negate the fact that defendant was able to ascertain on August 23, 2007, that the grounds for removal existed.

II. <u>Federal Law, Not State Law, Defines the Procedure for The Federal Removal Statue and As a Result, Defendant's Notice of Removal Was Untimely.</u>

If the original complaint was not removable, defendant had thirty days after receipt "through service or otherwise of a copy of an amended pleading, motion, order or other paper form which it may first ascertain that the case is one which is or has become removable." 28 U.S.C. §1446(b)   Defendant argues that, because the interrogatory responses were served by mail, it is entitled to an extension of 5 days within which to file its notice of removal under California Code of Civil Procedure §1013(a).  Thus, defendant contends that removal was timely because it was made thirty-five days after mailing of the interrogatory responses.  This argument however has been rejected by the Courts, including this court.  Although state law determines when service is made, federal law defines the procedure for the federal removal statute. *See Chicago, Rock Island & Pacific R.R. v. Stude* (1954) 346, U.S. 574.  The time limits in 28 U.S.C. §1446 must be strictly construed in accordance with the computation principle in Federal Rule of Civil Procedure Rule 6.  *Student A v. Metcho* (N.D. Cal 1989) 710 F.Supp. 267, 268-269;  *Owens v. General Dynamics Corp.* (S.D. Cal. 1988) 686 F.Supp. 827, 829.  Federal Rule of Civil Procedure Rule 6(e) provides that [w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.  The time began to run upon deposit of the interrogatory responses in the mail on August 23, 2007 when, under state law, service was

1 complete. Cal.Civ.Proc.Code §1013(a). Therefore, the thirty-three day period expired on
2 September 25, 2007, two days before defendant filed its notice of removal.

3   III.  Conclusion

4 The defendant, as the removing party, bears the burden of establishing the right to removal. The removal statutes are to be strictly construed, and all doubts about federal jurisdiction must be resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109; *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485; *In re Business Men's Assur. Co.,* (8th Cir. 1993) 992 F.2d 181, 183. Here, defendant has failed to show that the notice of removal was timely filed as required by 28 U.S.C. §1446(b). The action must therefore be remanded to the Superior Court of the State of California for the County of Alameda.

Dated: November 14, 2007          SIEGEL & YEE

By____/S/_____
       ALAN S. YEE

Attorneys for Plaintiff
JONI BAKER, aka F. JOAN BAKER