# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONI BAKER, aka F. JOAN BAKER,

    Plaintiff(s),

v.

TARGET CORPORATION, *et al.*,

    Defendant(s).

No. C 07-4998 BZ

**ORDER DENYING MOTION TO REMAND**

    Plaintiff has moved to remand, asserting that defendant failed to comply with 28 U.S.C. § 1446(b) by not filing a timely notice of removal. Defendant removed on September 27, 2007, the day it deposed plaintiff's husband who testified about her damages. Plaintiff claims that the amount in question could have been determined from the interrogatory answers defendant received on August 23, 2007. Defendant claims it could not discern the amount in question until September 27, 2007, when they deposed the husband.

    A case can only be removed within 30 days of the receipt of a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[N]otice of removability under § 1446(b) is

1

# **TENTATIVE RULING**

determined through an examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harara v. Landamerica Financial Group Inc., 2007 WL 2938172 at *3 (N.D. Cal. Oct. 9, 2007); *quoting* Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005).

I have reviewed plaintiff's interrogatory answers and find that if plaintiff had wanted to put defendant on notice that her claim met the $75,000 jurisdictional amount, she could have done so by answering question 8.7, which asks for her total income loss.  Instead, plaintiff gave her monthly loss, answered other interrogatories from which she claims defendant could calculate the duration of her income loss and now faults defendant for not performing sufficient calculations to determine what plaintiff did not when she failed to answer 8.7.

Based only upon the four corners of the interrogatory answers, I find it is not ascertainable that the case was removable.  Therefore, defendant filed a timely notice of removal and plaintiff's motion to remand is **DENIED**.

Dated:  December 11, 2007

                                   Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\Baker v. Target\ORDER.DENYING.MOT.TO.REMAND.TENTATIVE.RULE.wpd

2