1  GAIL C. TRABISH, ESQ. (#103482)
   BOORNAZIAN, JENSEN & GARTHE
2  A Professional Corporation
   555 12th Street, Suite 1800
3  P. O. Box 12925
   Oakland, CA  94604-2925
4  Telephone: (510) 834-4350
   Facsimile: (510) 839-1897
5
   Attorneys for Defendant
6  TARGET STORES, a division
   of Target Corporation
7
   ALAN S. YEE, ESQ. (#091444)
8  SIEGEL & YEE
   499 14th Street, Suite 220
9  Oakland, CA  94612
   Telephone:  (510) 839-1200
10 Facsimile:  (510) 444-6698

11 Attorneys for Plaintiff
   JONI BAKER, aka F. JOAN BAKER
12

13            UNITED STATES DISTRICT COURT

14       FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

| | | |
|---|---|---|
| JONI BAKER, a.k.a F. JOAN BAKER, | ) | Case No.:  C-07-04998 BZ |
| Plaintiff, | ) ) | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | ) ) | |
| TARGET CORPORATION, and DOES 1-10, inclusive. | ) ) ) | Complaint Filed:  April 9, 2007 |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case Management Conference<br>Date:        February 25, 2008<br>Time:        4:00 p.m.<br>Location:    Ctrm. G, 15th Fl.<br>             U.S. District Court<br>             450 Golden Gate Ave.<br>             San Francisco, CA |

24

25     Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-9, the parties jointly

26 submit this Case Management Statement and Proposed order.  Each party certifies that its lead trial

27 counsel who will try this case met and conferred for the preparation of this Statement as required

28 by Civ. L.R. 16-4.

-1-

1    The parties make the following representations and recommendations:

2    **1.    JURISDICTION AND SERVICE**

3    The Court has jurisdiction pursuant to 28 U.S.C. 1441(b) and 28 U.S.C. 1332. There are

4    no issues regarding personal jurisdiction or venue. The incident occurred in San Leandro,

5    California. All parties have been served.

6    **2.    JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

7    The plaintiff, Joni Baker claims to have sustained personal injuries and damages when she

8    slipped and fell while exiting the bathroom at the Target store locate San Leandro, California on

9    April 20, 2005. Target claims that due to shoplifters stuffing packaging material down the toilets

10    at the subject store the toilets had backed up into the alcove of the store where the bathrooms were

11    located. Target claims it became aware of overflowing toilets in the women's restroom prior to

12    the subject incident and closed the bathrooms on that side of the store, called Performance

13    Plumbing to make repairs and placed warning cones in the alcove. Target further claims that Team

14    Member Carin L. Ortiz advised plaintiff to use the restrooms on the other side of the store.

15    Plaintiff denies any statements were made by any Target personnel to her or her husband or that

16    anyone had told them to use the restrooms on the other side of the store. Plaintiff did see that the

17    women's restroom was closed and observed a mop and bucket in the alcove outside the women's

18    restroom door, as well as a wet floor sign propped up against the wall next to the women's

19    restroom. Plaintiff claims that other customers were using the men's restroom, which was not

20    closed off. Plaintiff's husband proceeded to use the men's restroom and plaintiff followed after

21    her husband finished. Plaintiff slipped and fell on a puddle of water when she was leaving the

22    men's restroom. The water was in the alcove between the men's and women's restroom.

23    Plaintiff claims an injury to her neck which resulted in two fusion surgeries. Target claims

24    that plaintiff condition pre-existed the incident.

25    **3.    LEGAL ISSUES**

26    a.    The condition of the floor prior to the accident and the adequacy of warnings

27    provided to plaintiff.

28    b.    Defendant's negligence and Plaintiff's comparative negligence, if any.

c.      Plaintiff's medical history and causation.

d.      The nature and extent of injuries.

## 4.   MOTIONS

There are no motions pending.

## 5.   AMENDMENT OF PLEADINGS

None anticipated

## 6.   EVIDENCE PRESERVATION

A copy of the recorded statement of plaintiff and Work Order No. 809576 has been produced.

## 7.   DISCLOSURES

The parties have made timely disclosures pursuant to Fed. R. Civ. P. 26.

## 8.   DISCOVERY

The parties have conducted   the following discovery:

The deposition of the plaintiff and plaintiff's husband, Daryl Anders, has been completed. Interrogatories and requests for production of documents have been propounded by plaintiff and defendant. Medical records have been subpoenaed from all known providers, though plaintiff has recently had further surgery, and additional medical records will need to be ordered. Employment records have been subpoenaed, though are incomplete. Prior to 2003, plaintiff lived in Canada, and authorizations for the release of medical records have been requested, but not yet received.

Defendant intends on propounding further interrogatories and requests for production of documents to ascertain plaintiff's current treatment, identity of prior providers and extent of psychiatric injuries claimed. Defendant also intends on noticing the depositions of plaintiff's current treating physician and her prior Kaiser physicians. In addition, defendant may wish to conduct an Independent Medical Examination of the plaintiff.

Plaintiff intends on subpoenaing plumbing records relating to the subject bathroom problem. In addition, plaintiff will take the depositions of Performance Plus Plumbing, Target

-3-

employees Carin Ortiz and Dwaine Taylor and any other employee who witnessed the matters

relating to the incident.

**9.    CLASS ACTIONS**

No class action is proposed.

**10.    RELATED CASES**

There are no related cases or other actions pending before any other court.

**11.    RELIEF**

Monetary damages are sought for medical expenses, loss of income and earning capacity,

pain, suffering and disability.

**12.    SETTLEMENT AND ADR**

The parties have stipulated to mediation and the court has appointed a mediator.  The

parties are currently considering use of a private mediator.  The last date to mediate is July 25,

2008.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to a magistrate judge.

**14.    OTHER REFERENCES**

No other references are appropriate at this time.

**15.    NARROWING OF ISSUES**

None anticipated.

**16.    EXPEDITED SCHEDULE**

None anticipated.

**17.    SCHEDULING**

The parties propose the following:

Designation of expert:  10/13/08

Designation of Rebuttal Experts:   11/3/08

Expert Discovery Cutoff:  11/24/08

Last Day to File Motion re Expert Discovery: 12/8/08

Fact Discovery cutoff:  9/26/08

-4-

1    Last Day to File Motion to Compel Fact Discovery: 10/6/08

2    Hearing of Dispositive Motions:  12/1/08

3    Pretrial Conference: 1/5/09

4    Trial: 2/2/09

5    18.    **TRIAL**

6    Both plaintiff and defendant demand a jury.

7    19.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON**

8    A Certificate of Non-party Interested Entities or persons has been filed by Defendant and

9    Plaintiff.

10    **20. OTHER MATTERS**

11    None known.

12

13    DATED:  2/14        , 2008            SEIGEL & YEE

14

15                                        By: _____

16                                        ALAN S. YEE
                                          Attorney for Plaintiff

17                                        JONI BAKER, aka F. JOAN BAKER

18

19

20    DATED:  2/14        , 2008            BOORNAZIAN, JENSEN & GARTHE
                                          A Professional Corporation

21

22                                        By: _____

23                                        GAIL C. TRABISH, ESQ.
                                          Attorney for Defendant

24                                        TARGET STORES, a division of
                                          TARGET CORPORATION

25    25014\425579

26

27

28

JOINT CASE MANAGEMENT STATEMENT; USDC Case No.: C 07-04998 BZ